UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

VICTOR BENITEZ,

                Plaintiff,              COMPLAINT

   - against -

RANDOLPH PRICE, Shield No. 25945, and
DWAYNE LEE-SHUE, Shield 13842, employees of
the New York City Police Department,

                Defendants.        **Jury Trial Demanded**

------------------------------------------------------------------X

      Victor Benitez, by his attorney, The Law Office of Matthew Flamm, alleges the following, upon information and belief, as his Complaint:

Nature of the Action

    1.    This civil rights action arises from the March 6, 2010 arrest of Plaintiff by New York City Police Officers and Mr. Benitez's subsequent, twenty-seven month long prosecution on false charges.  This action arises under the United States Constitution, and Plaintiff seeks under 42 U.S.C. §1983 compensatory damages and punitive damages for Defendants violating his civil rights.

Jurisdiction and Venue

    2.    This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

    3.    Venue is proper in the Southern District of New York because the events giving rise to Plaintiff's claims occurred in that judicial District.

Parties

    4.    Plaintiff VICTOR BENITEZ is a citizen of the United States of America residing in the State and City of New York, County of the Bronx.

5.  Defendant RANDOLPH PRICE, Shield No. 25945, was at all times relevant a duly appointed and acting officer employed by the New York City Police Department.  On March 6, 2010, he was assigned to the 41st Precinct in Bronx County.  Defendant Price is liable for directly participating in the events complained of.  He is sued in his individual capacity.

6.  Defendant DWAYNE LEE-SHUE, Shield 13842, was at all times relevant duly appointed and acting Police Officer employed by the New York City Police Department.  On March 6, 2010, he was assigned to the 41st Precinct in Bronx County and working with Defendant Price.  Defendant Lee-Shue is liable for directly participating in the events complained of and in failing to intervene to protect the Plaintiff from the illegal conduct of his fellow officers.  He is sued in his individual capacity.

7.  At all times relevant, Defendants Price and Lee-Shue (the "Defendants") were acting under color of state law.

### Facts Underlying
### Plaintiff's Claims for Relief

8.  On March 6, 2010 at around 4:30 a.m. at and around 540 Southern Boulevard near the intersection of East 149th Street in the Bronx, New York, Victor Benitez was stopped, searched, arrested, and assaulted by the Defendants and thereafter prosecuted on false charges for more then two years.

9.  Mr. Benitez was returning home from a night out with three friends and had stopped to converse with acquaintances at and around the intersection of Southern Boulevard and East 149th Street.

10.  Defendants Price and Lee-Shue appeared at the location in a marked patrol car and ordered Mr. Benitez from the automobile in which he was sitting, with Defendant Price pulling Plaintiff from the vehicle.

11.  Plaintiff was roughly searched by Defendant Price, who thrust Mr. Benitez's head and face to the auto's trunk.

12. After Mr. Benitez was handcuffed, Price deployed pepper spray to Plaintiff's face, put Mr. Benitez alone in the rear of the Defendants' patrol car, and shut the door. Mr. Benitez was spitting and retching from the pepperspray.

13. When Defendant Price returned to the auto, he took offense that Plaintiff had been spitting, and again deployed pepperspray, causing Mr. Benitez to further wretch. Price twisted Mr. Benitez's handcuffed wrists and hands and struck him repeatedly in the torso while complaining to Plaintiff about Benitez's physical reaction to the pepper spray.

14. The Defendants drove Mr. Benitez to the 41st Precinct Stationhouse, where, among other things, he was strip searched (i.e., ordered to take all clothes off, squat, and be subjected to visual inspection) by the Defendants.

15. While at the Stationhouse, the Defendants prepared or allowed to be prepared false police reports accusing Mr. Benitez of disorderly conduct and resisting arrest.

16. After approximately two hours, Mr. Benitez was taken to Lincoln Hospital for treatment for his painful, burning eyes.

17. Mr. Benitez was returned to the 41st Precinct and eventually taken to Bronx Central Booking to await arraignment.

18. Meanwhile, Defendant Price caused and defendant Lee-Shue allowed false statements to be made to the Bronx County District Attorney's Office.

19. The misrepresentations caused Plaintiff to be prosecuted under Bronx County Criminal Court Docket Number 2010BX014587 on the false charge of obstruction of governmental administration (P.L. §195.05, an A Misdemeanor punishable by up to a year in jail), resisting arrest (P.L. §205.30, an A Misdemeanor punishable by up to a year in jail), disorderly conduct (P.L. §240.20(1), a violation punishable by up to fifteen days in jail).

20. Plaintiff was eventually arraigned on the false charges, released and required, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court to defend against the charge.

21. Mr. Benitez returned to court over one dozen times over the next two years. On June 8, 2012, the prosecution was dismissed on the motion of the District Attorney.

22. The Defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful conduct to which Mr. Benitez was subjected.

23. The Defendants' acts and omissions caused the Plaintiff to suffer loss of liberty, the mental and emotional upset and trauma from the use of force and arrest-to-arraignment process leading up to the two plus year long prosecution, the upset and fear caused by the false evidence, and deprivation of his constitutional rights, among other injuries.

24. The Defendants, at all times relevant, and in causing and allowing Mr. Benitez's prosecution, and in arresting, using force. imprisoning, and offering false evidence to the District Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Plaintiff's rights and physical and mental well-being.

FIRST CLAIM FOR RELIEF FOR
<u>MALICIOUS PROSECUTION UNDER THE UNITED STATES CONSTITUTION</u>

25. Plaintiff repeats the foregoing allegations paragraphs as though fully stated here.

26. By the conduct described herein, Defendants are liable to Plaintiff under 42 U.S.C. § 1983 for violating his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

27. The Defendants commenced or allowed the commencement of a Criminal Court proceeding against Mr. Benitez without probable cause and with actual malice.  The prosecution caused deprivation of liberty.  The prosecution terminated in Mr. Benitez's favor.

28. As a consequence thereof, Victor Benitez has been injured.

## SECOND CLAIM FOR RELIEF FOR DENIAL OF PLAINTIFF'S FAIR TRIAL RIGHTS

25. Plaintiff repeats the foregoing paragraphs as if fully set forth here.

26. The Defendants created false evidence against Plaintiff.

27. The Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

28. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

29. As a consequence thereof, Victor Benitez has been injured.

## THIRD CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT OR END THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

30. Plaintiff repeats the foregoing paragraphs as though fully stated here.

31. The Defendant Die failed to intervene to prevent or end the misconduct to which Plaintiff was subjected.

32. As a consequence thereof, Victor Benitez has been injured.

### Request for Relief

WHEREFORE, Plaintiff respectfully request that judgment be entered that Victor Benitez's rights under the United States Constitution were violated together with:

(A)  Compensatory damages in an amount to be fixed at trial;

(B)  By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the Defendants in an amount to be fixed at trial;

(C)  An award to Plaintiff of the costs and disbursements herein;

(D)  An award of attorney's fees under 42 U.S.C. §1988;

(E)  Such other and further relief as this Court may deem just and proper.

Dated: December 28, 2014
Brooklyn, New York

Law Office of Matthew Flamm
Attorney for Plaintiff
26 Court Street, Suite 2208
Brooklyn, New York 11242
(718) 797-3117

_____
Matthew Flamm